**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 31, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00776-CV

## IN RE GRAYBAR ELECTRIC COMPANY, INC. AND GREG HOCHHEISER, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-37325**

## MEMORANDUM OPINION

On October 24, 2023, relators Graybar Electric Company, Inc. and Greg Hochheiser filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this compel to compel the Honorable Dedra Davis, presiding judge of the 270th District Court of Harris County, to aside her October 24, 2023 order denying the parties' joint

motion for an official court reporter or, alternatively, a private court reporter.[1]  We deny the petition.

## BACKGROUND

After learning that the trial court uses a court recorder, the parties filed a joint motion asking the trial court to appoint an official court reporter or, in the alternative, permit the parties to employ (at their own expense) a private court reporter who would serve as the trial court's official court reporter for the trial.  After holding a hearing, the trial court denied the motion on October 17, 2023.

## STANDARD OF REVIEW

Generally, to be entitled to mandamus relief, a relator must establish that (1) the trial court abused its discretion; and (2) relator has no adequate remedy by appeal. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding).  A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts.  *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).  To establish entitlement to mandamus relief, a party must show that the trial court clearly abused its discretion

---

[1] On October 25, 2023, real party in interest Buying Power, Inc. filed its "Notice of Non-Opposition to Relators' Petition for Writ of Mandamus," asking that this court grant relators' request for relief in the petition, in part, by compelling the trial court to grant the parties' request to allow a private court reporter for trial.  Real party in interest renewed its request, on October 26, 2023, in a motion for summary disposition.

in that the trial court could reasonably have reached only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

## ANALYSIS

The Texas Rules of Appellate Procedure allow a trial judge to use a court recorder instead of a court reporter. Therefore, a trial judge would not abuse its discretion in denying this motion. The relator contends that the rule of procedure is inconsistent with the Government Code. At this stage in the litigation, we decline to rule on that point.

Relator has not shown noncompliance with the recording rules as set out in the Texas Rule of Appellate Procedure. *See* Tex. R. App. P. 13.1, 13.2. Relator has not shown that the recording is in accurate or insufficient yet. The trial judge has promised a daily recording; therefore, the parties will be able to determine whether or not the recording is accurate early in the trial.

## CONCLUSION

Relators have failed to establish that they are entitled to mandamus relief. Accordingly, we deny relators' petition for writ of mandamus. We also deny real party in interest's motion for summary disposition. We lift our October 25, 2023 stay.

PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Hassan.